UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVIS BUICK GMC, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-1151 |
| SCOTT A. RIDDLE, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff's Motion [6] to Remand to the Circuit Court for the Ninth Judicial Circuit in Fulton County, Illinois. For the reasons set forth below, Plaintiff's Motion [6] is DENIED.

### BACKGROUND

The following facts are taken from Plaintiff's Motion to Remand and Memorandum in Support. Docs. 6, 7. Plaintiff, Davis Buick GMC, Inc. ("Davis"), is an automobile dealership engaged in selling and servicing General Motors ("GM") vehicles, with its principal place of business in Canton, Illinois. Defendant, Scott Riddle, Inc. ("Riddle"), is a corporation organized and headquartered in Michigan. In 2011, GM implemented the GM Facility Image ("GMFI") program, which required GM dealerships to undertake cosmetic and substantive improvements to their facilities and dealerships in exchange for compensation.

GM provided its dealerships with Facility Image Design Intent Documentation ("DID"), which set forth specifications, such as finishes, furnishing, lighting, and branded design elements for the interior and exterior of the facility, required to be implemented by Plaintiff to comply with the GMFI program. GM's program manager, Gensler, would ultimately approve the

1

requirements. Because of the technical nature of the DID requirements, GM recommended that dealers utilize an agent to oversee the implementation of the FMFI program. Thus, Davis entered into a Letter of Agreement for Owner's Representative Project Management Services ("Agreement") with Riddle on June 8, 2011, whereby Riddle would serve as Davis's agent in securing Gensler's approval throughout the implementation of the program.[1]

On March 14, 2017, Davis filed a lawsuit in the Circuit Court for the Ninth Judicial Circuit in Fulton County, Illinois, with the case number 17-L-5. The complaint alleged four counts relating to the Agreement: Breach of Contract, Breach of Fiduciary Duty, Negligent Misrepresentation, and Consumer Fraud. As alleged in Defendant's Notice of Removal, the damages sought are in excess of $75,000. Riddle was served on March 16, 2017. On April 13, 2017, within 30 days of being served with the state court complaint and summons, Riddle timely filed a Notice of Removal in this Court. Doc. 1.

## LEGAL STANDARD

Subject to certain limitations, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1332(a) confers jurisdiction upon district courts to hear state law claims when complete diversity of citizenship exists between the parties and the matter in controversy exceeds $75,000. "While § 1332 allows plaintiffs to invoke diversity jurisdiction, § 1441 gives defendants a corresponding opportunity." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Even though both § 1332 and § 1441 allow parties to invoke a federal court's diversity jurisdiction, "[t]he scales are not evenly balanced."

---

[1] Plaintiff's memorandum states that the agreement was dated June 8, 2012. However, the attached agreement is dated June 8, 2011.

*Id.* at 89-90. For example, an in-state plaintiff may use § 1332 to establish diversity jurisdiction, but § 1441(b) bars defendants from removing an action to federal court on the basis of diversity if they are citizens of the state in which the action is brought. *Id.* at 90. Additionally, § 1446 places several procedural restrictions on removal. See 28 U.S.C. § 1446.

First, § 1446 requires that "[a] defendant or defendant desiring to remove any civil action from a State court shall file in the district court … a notice of removal … containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Section 1446(b)(1) sets forth the time requirements for filing the notice of removal—the earlier of 30 days after receipt by the defendant of the initial pleading, or 30 days after the service of summons. Section 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." After a case is removed to federal court, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). The burden rests with the defendant to show that removal was proper. *Lincoln Prop. Co.*, 546 U.S. at 89.

## ANALYSIS

Davis's Motion to Remand asserts that the forum selection clause in the Agreement clearly and unequivocally precluded Riddle from removing this action to federal court and requests that the matter be remanded to the Fulton County state court. Docs. 6, 7. Riddle's Response and accompanying Memorandum in Opposition asserts that the clause in the Agreement did not provide an exclusive or mandatory forum; thus, removal was proper and

3

Davis's motion should be denied. Docs. 8, 9. Both Parties agree that, aside from the contract provision at issue, Riddle's Notice of Removal complied with the requirements for diversity jurisdiction under 28 U.S.C § 1332(a) and the procedures for removal under 28 U.S.C. § 1441 *et. seq*. Thus, the Court's analysis will focus on the terms of the contract. The Agreement includes a "Governing Law" clause, which provides:

> This Agreement shall be governed by the law of Illinois. The parties hereby submit to the jurisdiction of the courts of the State of Illinois and to venue in the Circuit Court of the County where the Project is located.

Doc. 8-1, at 6.

The above provision consists of three parts. The first sentence consists of a choice-of-law provision providing that Illinois law would govern disputes under the contract. The second sentence confers the courts of the State of Illinois with personal jurisdiction over the Parties, and also makes venue proper in the Circuit Court in Fulton County.

Contracts with "jurisdiction, venue, and forum clauses can be mandatory (exclusive) or permissive (nonexclusive)." *Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 679 (7th Cir. 2007) (citing *Muzumdar v. Wellness Int'l Network, Ltd.,* 438 F.3d 759, 761–62 (7th Cir. 2006), *Frietsch v. Refco, Inc.,* 56 F.3d 825, 829 (7th Cir. 1995); *Paper Express Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 755–57 (7th Cir. 1992)). "[W]here venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Paper Express*, 972 F.2d at 757. Mandatory forum selection clauses contain "clear language showing that jurisdiction is appropriate only in the designated forum." *Heckler & Koch, Inc. v. German Sport Guns GmbH*, 71 F. Supp. 3d 866, 900–01 (S.D. Ind. 2014) (quoting *Duggan O'Rourke, Inc. v. Intelligent Office Sys., LLC,* 2012 WL 4057215, at *2 (S.D.

4

Ind. Sept. 14, 2012)). Clauses that do not contain mandatory language are only permissive and not enforceable. *Id*.

Here, the choice-of-law provision in the Agreement is mandatory and exclusive—"[t]he Agreement *shall* be governed by the law of Illinois." However, the jurisdiction and venue clauses are permissive—"[t]he parties hereby *submit to* the jurisdiction … and venue in the Circuit Court [in Fulton County]." The plain meaning of the jurisdiction and venue provisions of the Agreement establish only that jurisdiction and venue is proper in the Fulton County state court. In other words, absent from the jurisdiction or venue provisions "is some further language indicating the parties' intent to make venue *exclusive*." *Paper Express*, 972 F.2d at 757 (emphasis added).

Because the Agreement's forum selection clause does not contain language indicating an intent to rule out other jurisdictions or venues, the Court will not construe it as mandatory. See *Heckler & Koch*, 71 F. Supp. 3d at 901 ("though we believe the Agreement's forum-selection clause clearly signals that this court is a proper forum for any dispute that might arise between the signatories, in the absence of any language manifesting the parties' intent to rule out other jurisdictions, we cannot construe it as mandatory."). Accordingly, Plaintiff's Motion to Remand must be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion [6] to Remand to the Fulton County Circuit Court for the Ninth Judicial Circuit is DENIED.

Signed on this 25th day of May, 2017.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge